# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LORRIE NADING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 13-1200-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Commissioner's evaluation of the medical opinions, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

## I.    Background

Plaintiff applied for SSD benefits alleging disability beginning June 3, 2010.  (R. 15, 147-48).  In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She alleges the

Administrative Law Judge (ALJ) erred in evaluating the credibility of her allegations of symptoms resulting from her impairments and erred in weighing the non-treating source opinions of the consultative physician, Dr. Subramanian, the consultative psychologist, Dr. Mintz, and the non-examining source opinion of the state agency physician, Dr. Raju. She also claims that the Appeals Council erred in weighing the opinion of Plaintiff's treating physician, Dr. Haag,  presented for the first time to the Council after the ALJ issued his decision.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

2

determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erred in weighing the medical opinions of Dr. Subramanian, Dr. Raju, and Dr. Mintz.  Because these errors necessitate remand, the court will not comment on the Appeals Council's allegedly deficient evaluation of Dr. Haag's belated treating source opinion regarding the adequacy of the ALJ's decision.  Because the court's review of a credibility determination is deferential, because a credibility determination is an integral part of an RFC assessment, and because reevaluating the medical source opinions on remand will necessitate a reassessment of RFC, the court will not address the errors allegedly made in the credibility determination.  Plaintiff may make those arguments to the Commissioner on remand.

**II.     Evaluation of the Medical Opinions**

Plaintiff claims the ALJ's evaluation of the medical opinions is unsupported by the record evidence.  Essentially, she argues that when the medical opinions of Dr. Raju, Dr. Subramanian, and Dr. Mintz are properly weighed in accordance with the regulatory factors designed for that purpose, they cannot be accorded "substantial weight" as the

ALJ purported to do.  She also argues that her treating physician, Dr. Haag, formulated an opinion after reviewing the ALJ's decision which then was provided to the Appeals Council along with Plaintiff's request for review of the ALJ's decision.  She argues that Dr. Haag's opinion conclusively demonstrates the error of the ALJ's determination that Plaintiff is not disabled, but that the Council erred by failing to consider, evaluate, and accord weight to this opinion.

The Commissioner argues that the ALJ properly evaluated the medical opinions of Dr. Raju, Dr. Subramanian, and Dr. Mintz, accorded appropriate weight to those opinions, and provided reasons for his findings which are supported by the record evidence.  She explains why, in her view, Plaintiff's view of the evidence need not have been accepted by the ALJ.  In her final argument, the Commissioner argues that the Appeals Council properly determined that Dr. Haag's letter does not undermine the ALJ's decision.

## A.      The ALJ's Evaluation of the Medical Opinions

The ALJ provided this explanation of the weighting of the opinions of Dr. Raju, Dr. Subramanian, and Dr. Mintz:

> In making this determination, the undersigned considered the opinion of state agency medical consultant **Padma Raju, M.D.** who determined that the claimant had physical limitations generally consistent with the residual functional capacity as set forth herein (Exhibit 2A/11 [(R. 85)]).[1]  Although Dr. Raju did not examine the claimant, he provided specific reasons for his

---

[1]The limitations opined by Dr. Raju appear at pp. 83-84 of the administrative record, and Dr. Raju's explanation of his RFC opinion appears at p. 85, as cited by the ALJ.

opinion about the claimant's residual functional capacity, showing that his opinion is grounded in the evidence of record, including careful consideration of the objective medical evidence and the claimant's allegations regarding symptoms and limitations.  The opinion is internally consistent and consistent with the evidence as a whole.  As it is well supported, the opinion of Dr. Raju has been afforded **substantial weight** in establishing work restrictions for the claimant.

Following his May 3, 2011 consultative examination, **S. Subramanian, M.D.** opined that the claimant did not seem to have any disability in sitting, standing, or handling objects; but because of cervical neck pain, lumbar spine pain and knee pain, may have disability in lifting, carrying, and walking long distances (Exhibit 15F/6 (R. 498)]).  This opinion is afforded **substantial weight**.

. . .

In addition, the undersigned has considered the written opinion of **Stanely** [sic] **Mintz, Ph.D.**, who opined that although the claimant's concentration capacity appeared somewhat diminished she appeared able to understand simple and intermediate instructions (Exhibit 7F/4 [(R. 446)]).  Dr. Mintz had the opportunity to examine the claimant and provided specific reasons for his opinion about the claimant's alleged impairments, showing that his opinion was grounded in the evidence of record, including careful consideration of the objective medical evidence and the claimant's allegations regarding symptoms and limitations.  The opinion is internally consistent and consistent with the evidence as a whole.  As it is well supported by the results of his consultative evaluation, the opinion of Dr. Mintz has been afforded **substantial weight** in establishing work restrictions for the claimant.

(R. 23-24) (bold in original).

## B.    Standard for Evaluating Medical Opinions

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."

20 C.F.R. § 416.927(a)(2).  Such opinions may not be ignored and, unless a treating

source opinion is given controlling weight, all medical opinions will be evaluated by the

Commissioner in accordance with factors contained in the regulations.  Id. § 416.927(c);

SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013).  Those

factors are:  (1) length of treatment relationship and frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the

kind of examination or testing performed; (3) the degree to which the physician's opinion

is supported by relevant evidence; (4) consistency between the opinion and the record as a

whole; (5) whether or not the physician is a specialist in the area upon which an opinion

is rendered; and (6) other factors brought to the ALJ's attention which tend to support or

contradict the opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20

C.F.R. § 416.927(c)(2-6).  After considering the regulatory factors, the ALJ must give

reasons in the decision for the weight he gives the medical opinions.  Id. 350 F.3d at

1301.  However, the court will not insist on a factor-by-factor analysis so long as the

ALJ's decision is sufficiently specific to make clear to any subsequent reviewers the

weight the ALJ gave to the medical opinions and the reasons for that weight.  Oldham v.

Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007).

### C.    Analysis

Here, the ALJ clearly indicated that he accorded "substantial weight" to the

opinions of Dr. Subramanian, Dr. Mintz, and Dr. Raju.  (R. 23-24).  However, he did not

make clear the reasons he accorded that weight to each of these opinions.  This failure is

error requiring remand for the ALJ to properly explain his reasons for giving weight to each of the opinions. His reasons must be supported by the record evidence.

With regard to Dr. Subramanian's opinion, as quoted above the ALJ stated that opinion in a single sentence, and in the very next sentence stated his conclusion: "This opinion is afforded **substantial weight**." (R. 23) (bold in original). The ALJ did not even attempt to provide reasons for that determination. Earlier in the decision, the ALJ summarized Dr. Subramanian's report:

> Results of [Dr. Subramanian's] examination do not support the claimant's allegations of totally disabling impairments. Although there was a slight decrease in range of motion of the cervical spine, lumbar spine, and right knee joint, motor and sensory function were preserved. Further, cranial nerves were intact, with no focal neurological signs (Exhibit 15F/5 [(R. 497)]). Results of a cervical spine x-ray conducted during the evaluation noted mild to moderate intervertebral narrowing and disc degeneration at C4-C5, C5-C6, and C6-C7, with mild anterior and posterior osteophytes at C4, C5 and C6 (Exhibit 16F [(R. 500-02)]).

(R. 22). But, this summary does not explain the ALJ's reasons for according substantial weight to the doctor's opinion. Nowhere does the ALJ explain either how the findings of Dr. Subramanian medically support his opinion or why the record evidence supports a finding that his opinion should be given substantial weight.

Although the ALJ purported to state reasons for according substantial weight to the opinions of Dr. Raju and Dr. Mintz, in the circumstances presented here, those reasons are mere boilerplate language bereft of persuasive force. The ALJ provided essentially the same five reasons for according substantial weight to the opinion of each doctor, asserting that the doctor "provided specific reasons for his opinion," that the opinion was

"grounded in the evidence of record, including careful consideration of the objective medical evidence and the claimant's allegations regarding symptoms and limitations," and that the "opinion is internally consistent and consistent with the evidence as a whole." (R. 23, 24).

As he did with Dr. Subramanian, the ALJ discussed Dr. Mintz's report earlier in his decision, but once again he did not explain either how Dr. Mintz's findings medically support his opinion or why the record evidence supports a finding that Dr. Mintz's opinion should be given substantial weight. Much of Dr. Mintz's report rests upon Plaintiff's statements regarding her symptoms, but the ALJ found Plaintiff's allegations "not entirely credible" (R. 21), and Dr. Mintz said nothing regarding the credibility of Plaintiff's allegations, yet the ALJ stated (without further explanation) that Dr. Mintz's opinion was "grounded in . .  careful consideration of . . . the claimant's allegations regarding symptoms and limitations." Since the ALJ accorded substantial weight to Dr. Mintz's opinion, the difference between the ALJ's credibility finding and the fact of Dr. Mintz's reliance upon Plaintiff's reports begs for explanation, but none was forthcoming in the decision. Moreover, Dr. Mintz assessed Plaintiff with a current global assessment of functioning score of 50, which suggests "**Serious symptoms . . . OR any serious impairment in social, occupational, or school functioning**." Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 32 (4th ed. text revision 2000) (bold in original). Despite these implications, the ALJ made no attempt to distinguish the score, and in fact, did not mention that score in his decision.

9

Without belaboring the point, the ALJ's consideration of Dr. Raju's opinion is to the same effect.  While there can be no doubt that Dr. Raju reviewed the entire record as it was constituted when his opinion was formulated on May 16, 2011, there can also be no doubt that, contrary to the ALJ's specific finding, Dr. Raju did not "provide[] specific reasons for his opinion about the claimant's residual functional capacity."  (R. 23).  In the explanation of his RFC opinion, Dr. Raju very briefly summarized the medical evidence, summarized the findings of Dr. Subramanian's consultative examination on May 3, 2011, and summarized Dr. Subramanian's opinion that Plaintiff did not have any disability in sitting, standing,  handling objects, hearing, speaking, or moving about, but there was evidence of cervical neck pain, lumbar spine pain and knee pain, which could preclude heavy lifting, and walking long distances.  (R. 85).  He then concluded his explanation in a single sentence, "From a physical standpoint, clmt [sic] has the capacity for work within this RFC."  Id.  Dr. Raju did not explain how the record evidence supports the RFC he opined, and the ALJ did not explain either how Dr. Raju's findings medically support his opinion or why the record evidence supports a finding that Dr. Raju's opinion should be given substantial weight.

The court acknowledges that if the record evidence will support two inconsistent conclusions, and if one of those conclusions is that of the ALJ, the ALJ's conclusion must be affirmed.  Lax, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agency's choice

between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (citations, quotations, and bracket omitted); <u>see also</u>, <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620 (1966) (same).  However, the ALJ must explain the reasons for his decision, based upon the record evidence.  Bare, conclusory findings are insufficient.


      **IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.


      Dated this 4th  day of August 2014, at Kansas City, Kansas.


                        s:/ John W. Lungstrum
                        **John W. Lungstrum**
                        **United States District Judge**